IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAJUAN A. KEY,

                Plaintiff,

    v.

MICHAEL MEISNER, TIM DOUMA,
JANEL NICKELS, TONY ASHWORTH,
TIMOTHY ZIEGLER, CAPTAIN HIGBEE,
CAPTAIN MORGAN, TRAVIS BITTLEMAN,
BRIAN NEUMAIER, KAREN ANDERSON,
DR. DALIA SULIENE, MS. POSTLER, MELISSA
RN, JOE REDA, SGT. CICHONANOWICZ,
SGT. RAYMOND MILLONIG, JOHN DOE 1,
and JOHN DOE 2,

                Defendants.

OPINION AND ORDER

12-cv-422-wmc

---

    In this proposed civil action, plaintiff DaJuan A. Key alleges that various employees at Columbia Correctional Institution violated his First and Eighth Amendment rights. Key was unable to prepay the full fee for filing this lawsuit, but has made the initial partial payment of $11.97 required of him under 28 U.S.C. § 1915(b)(1). While screening this complaint pursuant to § 1915(e)(2), the court recently discovered that Key has been released from Columbia Correctional Institution, is not on probation, and has failed to provide this court with his current address.

    It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008

WL 4922422 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit.").

Under the inherent power necessarily vested in a court to manage its own affairs, Key's complaint will, therefore, be dismissed without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984). If plaintiff learns of this dismissal and wishes to pursue this complaint, he may file a motion for leave to reinstate his complaint explaining his failure for providing this court with his current address.

ORDER

IT IS ORDERED that the complaint filed by plaintiff DaJuan A. Key is DISMISSED without prejudice for want of prosecution. Plaintiff is advised that relief from this order may be granted upon a showing of good cause.

Entered this 24th day of September, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge